Poppie BAWATA; Suko Karyono Bhakti; et al., Petitioners,

v.

Michael B. MUKASEY, Attorney General, Respondent.

No. 06–72125.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 13, 2008.*

Filed Jan. 20, 2009.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Gihan L. Thomas, Los Angeles, CA, for Petitioners.

CAC–District, Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Richard M. Evans, Esq., David E. Dauenheimer, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: O'SCANNLAIN, BYBEE, and CALLAHAN, Circuit Judges.

## MEMORANDUM **

Poppie Bawata, her husband, and their three children, natives and citizens of Indonesia, petition for review of the Board of Immigration Appeals' ("BIA") order dismissing their appeal from an immigration judge's ("IJ") decision denying their application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Nagoulko v. INS,* 333 F.3d 1012, 1015 (9th Cir.2003), and we deny the petition for review.

The BIA affirmed the IJ's denial of Bawata's asylum application as time-barred. Bawata does not challenge this finding in her opening brief.

■ Substantial evidence supports the agency's denial of withholding of removal, because Bawata failed to demonstrate the harassment she suffered rose to the level of past persecution. *See id.* Furthermore, even if the disfavored group analysis set forth in *Sael v. Ashcroft,* 386 F.3d 922, 927–29 (9th Cir.2004) applies in the context of withholding of removal, Bawata did not establish that it is more likely than not that she will be persecuted if she returns to Indonesia. *See Hoxha v. Ashcroft,* 319 F.3d 1179, 1184–85 (9th Cir. 2003).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Finally, substantial evidence supports the agency's denial of CAT relief because Bawata failed to establish that it is more likely than not she will be tortured if she returns to Indonesia. *See Singh v. Ashcroft*, 351 F.3d 435, 443 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**